Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Florida

_____ Division

| | | |
|---|---|---|
| DANIELLE SOLOMON | ) | Case No. _8:25-cv-2368-KKM-NHA_ |
| | ) | *(to be filled in by the Clerk's Office)* |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)* ☒ Yes ☐ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| -v- | ) | |
| CITIBANK, N.A. | ) | |
| | ) | |
| | ) | |
| _____ | ) | SEP 4 2025 PM1:15 |
| *Defendant(s)* | ) | FILED - USDC - FLMD - TPA |
| *(Write the full name of each defendant who is being sued. If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | ) | |
| *with the full list of names.)* | ) | |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | DANIELLE SOLOMON |
| Street Address | 1850 EMILY DRIVE |
| City and County | WINTER HAVEN |
| State and Zip Code | FLORIDA 33884 |
| Telephone Number | 8632421271 |
| E-mail Address | SHANTA.SPENCER21@GMAIL.COM |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                             CITIBANK, N.A.

    Job or Title *(if known)*     LEGAL DEPARTMENT/SUBPOENA COMPLIANCE

    Street Address           5800 S. CORPORATE PLACE, MAIL CODE 451

    City and County          SIOUX FALLS

    State and Zip Code       SD 57108

    Telephone Number       605-331-2626

    E-mail Address *(if known)*   LSI@CITI.COM

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question                      [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.   If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

This case arises under the Right to Financial Privacy Act (12 U.S.C. §§ 3401–3422), the Administrative Procedure Act (5 U.S.C. § 706), and the Fourth and Fifth Amendments to the U.S. Constitution. Additional claims may arise under the Electronic Communications Privacy Act (18 U.S.C. § 2701 et seq.), and common law breach of confidentiality. Plaintiff challenges the unlawful disclosure of financial records without valid legal process or constitutional due process.

### B.   If the Basis for Jurisdiction Is Diversity of Citizenship

1.   The Plaintiff(s)

   a.   If the plaintiff is an individual

   The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

   b.   If the plaintiff is a corporation

   The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

   _____ .

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

   a.   If the defendant is an individual

   The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)*

   _____ .

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

b. If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

The amount in controversy exceeds $75,000 due to reputational harm, emotional distress, legal fees, lost work time, and the risk of long-term damage to Plaintiff's ability to work in the financial sector. Punitive damages are also sought under 12 U.S.C. § 3417(a).

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

Plaintiff Danielle Solomon brings this action against Citibank, N.A. for unlawfully disclosing her private financial records in response to an invalid subpoena issued by the Federal Deposit Insurance Corporation (FDIC) dated July 14, 2025. The subpoena contained incorrect personal identifiers, and Plaintiff was never notified prior to the release of her records on July 31, 2025. At the time of disclosure, Plaintiff's motion to dismiss the subpoena was still pending before the administrative law judge. As a result of Citibank's premature and unauthorized disclosure, Plaintiff suffered financial, emotional, and reputational harm and is at risk of restitution. (See Attached pages)

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Actual damages in the amount of $1,200,000, based on the unauthorized disclosure of Plaintiff's private financial records by Citibank in response to a subpoena that was facially invalid, contained incorrect identifiers, and was acted upon while a motion to dismiss was still pending. These damages reflect emotional distress, reputational harm, loss of business and government contract opportunities, and disruption to Plaintiff's ability to continue working in or near the financial sector. Plaintiff is also at risk of having to pay undetermined restitution, which would not have been a risk but for Citibank's premature disclosure.

Punitive damages in the amount of $2,000,000, based on Citibank's reckless and willful disregard of Plaintiff's privacy rights, including its failure to verify the subpoena, notify Plaintiff, or delay disclosure pending a legal ruling. Plaintiff believes this level of damages is appropriate to deter similar misconduct and to punish Citibank for its flagrant violation of federal privacy protections.

Injunctive or declaratory relief, if necessary, to prevent continued or further harm resulting from the disclosure of Plaintiff's private financial information.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            09/03/2025

Signature of Plaintiff

Printed Name of Plaintiff    DANIELLE SOLOMON

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

DANIELLE SOLOMON,

Plaintiff,

v.

Case No: _____

CITIBANK, N.A.,

Defendant.

COMPLAINT AND STATEMENT OF CLAIM

Plaintiff, Danielle Solomon, brings this civil action against Defendant, Citibank, N.A., and alleges as follows:

Count I – Violation of the Right to Financial Privacy Act (12 U.S.C. § 3401 et seq.)

Plaintiff is a customer of Citibank and maintained personal financial accounts at all relevant times.

1 / 5

On July 14, 2025, the Federal Deposit Insurance Corporation (FDIC) issued a subpoena to Citibank seeking Plaintiff's financial records as part of an administrative proceeding in which Plaintiff is a named party. (See Exhibit A)

The subpoena was facially deficient: it included an incorrect Social Security number and did not match Plaintiff's personal identifiers.

Despite these obvious discrepancies, Citibank released Plaintiff's private financial records on July 31, 2025, without providing Plaintiff with any notice and prior to receiving a ruling on a motion to dismiss the subpoena.

Plaintiff filed a motion to dismiss the subpoena, which was still pending before the Administrative Law Judge (ALJ) at the time Citibank disclosed the records.

On August 18, 2025, Citibank's legal support specialist, Kevin Fitzgerald, emailed Plaintiff confirming that the bank had already complied with the subpoena and stated that further inquiries should be directed to the FDIC. (See Exhibit B)

Citibank made no attempt to verify the subpoena's accuracy or legality before disclosing Plaintiff's private records, in violation of its duties under the RFPA.

These actions constitute a willful and unlawful disclosure of financial records in violation of the Right to Financial Privacy Act, 12 U.S.C. §§ 3403, 3405, 3417.

As a result, Plaintiff suffered significant financial, emotional, and reputational harm.

Count II – Violation of the Administrative Procedure Act (5 U.S.C. § 706)

Plaintiff incorporates paragraphs 1–10 as if fully stated herein.

The subpoena issued by the FDIC was defective on its face and did not comply with the requirements of the Administrative Procedure Act, including agency procedures for proper notice, relevance, and the opportunity to object.

Plaintiff filed a motion to dismiss the subpoena under agency rules, which had not been adjudicated at the time Citibank disclosed the records. (See Exhibit C)

The premature enforcement of the subpoena and Citibank's compliance therewith, despite its procedural defects, rendered the action arbitrary, capricious, and not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

## Count III – Violation of the Fifth Amendment (Due Process Clause)

Plaintiff incorporates paragraphs 1–14 as if fully stated herein.

Plaintiff's constitutionally protected privacy interest in her financial records was compromised without due process, as she was never notified of the subpoena prior to disclosure, and had no meaningful opportunity to object.

The government's use of a procedurally invalid subpoena—combined with Citibank's failure to provide Plaintiff any notice—resulted in a deprivation of liberty and property interests without due process of law, in violation of the Fifth Amendment to the U.S. Constitution.

## Count IV – Violation of the Fourth Amendment (Unreasonable Search)

Plaintiff incorporates paragraphs 1–17 as if fully stated herein.

The forced production of Plaintiff's private banking records through a facially invalid subpoena —without notice or judicial oversight—constituted an unreasonable search under the Fourth Amendment to the U.S. Constitution.

2/5

The government's unlawful demand, and Citibank's blind compliance, deprived Plaintiff of her right to be secure in her papers and effects.

## Count V – Common Law Breach of Duty of Confidentiality (Florida Law)

Plaintiff incorporates paragraphs 1–20 as if fully stated herein.

As a financial institution, Citibank owed Plaintiff a fiduciary duty and a duty of confidentiality regarding her financial information.

Citibank breached that duty by disclosing Plaintiff's records in response to a defective subpoena, with no reasonable effort to verify its validity or accuracy.

Citibank's actions directly caused financial, emotional, and reputational injury, including the risk of restitution exposure and lost business opportunities.

## Count VI – Negligence (Florida Law)

Plaintiff incorporates paragraphs 1–24 as if fully stated herein.

Citibank had a duty to exercise reasonable care in protecting Plaintiff's financial records and ensuring compliance with applicable laws before disclosure.

Citibank's failure to: identify the discrepancies in the subpoena; notify Plaintiff; delay disclosure pending the motion to dismiss; or conduct even minimal due diligence, constitutes gross negligence.

Plaintiff suffered damages as a result of this breach of duty.

2/5

## Damages Sought

As a result of Citibank's conduct, Plaintiff seeks:

- Actual damages including financial losses, legal expenses, lost wages, and business disruption;

- Reputational and emotional damages, including anxiety, stress, and privacy violations;

- Punitive damages under 12 U.S.C. § 3417(a)(1) for willful and intentional violations;

- Attorney's fees and costs under 12 U.S.C. § 3417(a)(3);

- Any further relief the Court deems just and proper.


Respectfully submitted,


_____


Danielle Solomon

Plaintiff, pro se

1850 Emily Dr

Winter Haven Fl 33884

863-242-1271

shanta.spencer21@gmail.com

2/5