Exhibit A

# FEDERAL DEPOSIT INSURANCE CORPORATION

## WASHINGTON, D.C.

|  |  |
|---|---|
| In the Matter of | ) |
| | ) |
| Danielle "Shanta" Solomon, an institution-affiliated party of | ) |
| | ) |
| | ) FDIC-24-100e |
| Truist Bank | ) FDIC-24-101b |
| Charlotte, North Carolina | ) |
| | ) |
| (Insured State Nonmember Bank) | ) |
| | ) |
| Respondent's NMLS UI# NA | ) |
| | ) |

## SUBPOENA DUCES TECUM
## (SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS)

To:    Citibank, N.A.
       5800 S. Corporate Place
       Mail Code 451
       Sioux Falls, SD 57108
       LSI@citi.com

Via:    Overnight Delivery and Email

**You are hereby required,** pursuant to 12 U.S.C. § 1818(n), 12 C.F.R. § 308.26, and 12 C.F.R. § 308.5(b)(2), to produce the documents, electronically stored information, objects, or other tangible evidence specified in the Attachment to this subpoena to Walter Siedentopf at the following place:

Location Name & Address:    Federal Deposit Insurance Corporation
                            10 10th Street N.E., Suite 900
                            Atlanta, GA 30309-3849

On or before:    July 31, 2025, at 10:00 A.M.

In lieu of producing in person, you may coordinate for the electronic production with Enforcement Counsel Walter Siedentopf at (678) 916-2236, or wasiedentopf@fdic.gov.

Willful failure to comply with this subpoena is a misdemeanor, which may be punishable by a fine of up to $1,000, imprisonment of up to one year, or both. 12 U.S.C. § 1818(n). On motion

Exhibit A

filed within twenty (20) days of service, the judge may quash or modify a subpoena.  12 C.F.R.
§§ 308.25(d)(1).

---

The undersigned, acting under authority delegated by the Federal Deposit Insurance
Cooperation, hereby issues this subpoena.

July 14, 2025

_____
Date

_____
C. Scott Maravilla
Administrative Law Judge
Office of Financial Institution Adjudication

Exhibit A

## EXHIBIT A

### SCHEDULE OF DOCUMENTS TO BE PRODUCED

### Definitions and Instructions

The following definitions and instructions apply to all document requests set forth in this Exhibit A.

1. "Document" is used in its broadest sense and means writings, books, records, memoranda, personal correspondence, papers, films, recordings, accounts, drawings, graphs, chart, statements, reports, appraisals, photographs, videos, electronically stored information, computer records, emails, text messages, calendars, and other data compilations from which information can be obtained, translated, or transcribed, if necessary, through detection devices into reasonably usable form. The term "document" also includes copies of documents that are not identical duplicates of the originals, including all marginalia or stamped material, and any attachments to the document.

2. "Related to," "relating to" or "relate to" mean mentioning, discussing, summarizing, describing, evidencing, referring to, arising out of, in connection with, or involving a transaction or course of dealing with or about the subject specified.

3. As used herein, the terms "and" and "or" are terms of inclusion and not of exclusion and must be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any document or information that might otherwise be construed to be outside the scope.

4. As used herein, the term "Relevant Period" means from January 1, 2020, to December 31, 2021. Each document request below requires production of responsive documents from the Relevant Period unless the context or an express statement provides otherwise.

5. These document requests apply to documents in your possession, custody, or control. "Possession, custody, or control" means in your physical possession or as to which you have the right to secure or compel the production of the document (or a copy) from another person, affiliate, corporation, partnership, or other entity having possession thereof, including, but not limited to, partners, joint ventures, proprietorships, business associations, stockbrokers, investment advisors, investment counselors, financial planners, accountants, attorneys, or other agents or advisors.

6. If any original document cannot be produced in full, produce such document to the extent possible and indicate specifically the reason for your inability to produce the original or the remainder of that document.

7. If you contend that you are entitled to withhold from production any document requested in this Subpoena on the basis of privilege, you must, in a privilege log, (a) identify each such document including author, recipient, subject matter, and general characterization of

Exhibit A

content, (b) state the date of the document, and (c) state the basis for asserting the document is privileged.

8. Documents must be produced as they are organized and kept in the usual course of business or must be organized and labeled to correspond to the categories of documents in this Subpoena.

9. File folders, labels, and indices identifying documents requested must be produced intact with such documents. Documents attached to each other should not be separated unless sufficient reference permits reconstruction of such grouping.

10. If objection is otherwise made to any specific request for production, identify the documents withheld by author/sender, recipient, date, subject matter, and type (e.g., letter, memorandum), and state the reason for the objection with reasonable particularity. If objection is made to only a portion of any request, specify the portion to which objection is made, state the reason for the objection with reasonable particularity, and produce documents responsive to the remainder of those documents.

11. If there are no documents responsive to a particular Subpoena request, please specify that you have no responsive documents.

12. Each document request below should be regarded as continuing, and you are required to supplement or modify your production of documents as additional or different responsive information becomes known to you that is responsive to these requests.

13. If documents requested herein have been lost, discarded or destroyed, they shall be described as completely as possible, along with: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document.

14. Documents stored in electronic format should be produced in native format as outlined in the FDIC's Date Delivery Standards" enclosed herewith or as otherwise agreed upon by FDIC Counsel.

### Documents Requested

**Relevant Period**

January 1, 2020, to December 31, 2021

**Subjects**

Jesse Solomon, SSN XXX-XX-6134
Danielle "Shanta" Solomon, SSN XXX-XX-4394
(Full SSNs to be provided upon request; please contact the individual serving the subpoena.)

Exhibit H

## Records Requested

For the above Relevant Period, produce the following:

(1) All records of credit card accounts of any of the Subjects or for which any of the Subjects had signing authority or was an authorized user, including:
   a. account statements;
   b. documents and information submitted by accountholders or authorized signers in connection with account opening or modification, including:
      i. application(s), agreements, modifications, authorized users, and signature cards;
      ii. Customer Identification Program ("CIP") information; and
      iii. business resolutions, articles of incorporation, registered agent contact information, and all other information reflecting beneficial ownership of corporate or business accountholder(s);
   c. documents and records reflecting payments or charge-offs.

## Gathering and Submission of Requested Documents

The preferred method for transmission of ESI is via Secure File Transfer Protocol (SFTP). Once approval is obtained from FDIC Counsel, please coordinate ESI transmission with their designee Information Technology Specialist Nadish Patel at napatel@FDIC.gov.

**If responsive documents are sent in lieu of appearance, a Certificate of Compliance and (if applicable) Business Record Certification must be completed and included in the response.**

In order to protect your information and meet the high security standards of the FDIC, please do not send any electronic files through the mail or via email unless they are encrypted. Please coordinate a secure file transfer with Information Technology Specialist Patel.

Exhibit B

M Gmail

---

## In the Matter of Danielle Solomon

---

**Fitzgerald, Kevin1** <kevin1.fitzgerald@citi.com>                    Mon, Aug 18, 2025 at 8:15 AM
To: "justrashad@yahoo.com" <justrashad@yahoo.com>, "shanta.spencer21@gmail.com"
<shanta.spencer21@gmail.com>

Dear Mr. Solomon,

We're in receipt of you letter dated August 1, 2025, requesting that Citibank refrain from producing
documents in response to the subpoena regarding "In the Matter of Danielle Solomon". As it was a valid
subpoena the requested records were produced on 7/31/2025. If you have further questions regarding
the subpoena please contact the following:

Walter Siedentopf

Federal Deposit Insurance Corporation

Atlanta Regional Office

10 Tenth Street, N.E.

Suite 900

Atlanta, GA 30309

wasiedentopf@fdic.govpf@fdic.gov

Thank you,

Kevin Fitzgerald

Legal Support Specialist 2

Citibank, N.A.

Legal Support Unit

5800 S. Corporate Pl., MC 451

Sioux Falls, SD  57108

605-357-2088

Kevin1.Fitzgerald@citi.com

Exhibit C

**BEFORE THE FEDERAL DEPOSIT INSURANCE**

**CORPORATION WASHINGTON, D.C.**

```
-----------------------------------X
```
IN THE MATTER OF               :       FDIC-24-0100e

                                :       FDIC-24-0101b

DANIELLE "SHANTA" SOLOMON   :

                                :       MOTION TO QUASH

        Respondent.            :       ADMINISTRATIVE

                                :       SUBPOENAS

FORMER INSTITUTION-AFFILIATED  :

PARTY OF TRUIST BANK         :

CHARLOTTE, NORTH CAROLINA   :

                                :

Respondent's NMLS UI# NA     :

                                :

```
-----------------------------------X
```

## MOTION TO QUASH ADMINISTRATIVE SUBPOENAS TO CITIBANK, E*TRADE, MERYLL LYNCH AND WEBULL

Jesse Solomon ("Movant"), a non-party to the above-captioned proceeding, hereby moves pursuant to 12 C.F.R. § 308.25(d)(1) and the Right to Financial Privacy Act, 12 U.S.C. § 3401 et seq., to quash the administrative subpoenas duces tecum issued to Citibank, N.A., Merrill Lynch, E*Trade, and WeBull (collectively, the "Financial Institutions") seeking Movant's personal financial records. In support thereof, Movant states as follows:

### I. INTRODUCTION

This motion challenges the FDIC's attempt to obtain the private financial records of a non-party who has no connection to the underlying enforcement action beyond a single, unrelated business transaction. The subpoenas at issue are improper for multiple reasons: they contain incorrect identifying information, seek irrelevant information from a non-party, are overbroad and unduly burdensome, violate privacy rights protected under federal law, and exceed the FDIC's authority given ongoing constitutional challenges to its administrative proceedings.

1

Exhibit C

## II. STATEMENT OF FACTS

1. Movant Jesse Solomon is not an employee of Truist Bank, has never been an institution-affiliated party, and is not a respondent in this FDIC enforcement proceeding.

2. The FDIC's enforcement action concerns allegations against Danielle Solomon, who is Movant's spouse but with whom he maintains completely separate finances.

3. Movant and Ms. Solomon have maintained separate financial lives for over a decade, including:

    a) No joint bank accounts

    b) No joint credit card accounts

    c) Separate tax filings

    d) No commingling of funds or assets

4. Movant's only connection to this matter is a single private business transaction with a former Truist Bank customer that was unrelated to Ms. Solomon's employment and from which she received no benefit.

5. The FDIC already possesses documentation confirming that all funds related to this transaction were returned.

6. The subpoenas contain incorrect identifying information that does not accurately correspond to Movant's legal records, raising serious questions about the care and accuracy with which these subpoenas were prepared.

## III. LEGAL STANDARD

Under 12 C.F.R. § 308.25(d)(1), a party served with a subpoena may file a motion to quash or modify within twenty days of service. The Administrative Law Judge "shall quash or modify the subpoena if it is unreasonable, oppressive, excessive in scope, or unduly burdensome." 12 C.F.R. § 308.25(d)(1).

Administrative subpoenas must meet a three-part test: (1) the inquiry must be within the authority of the agency; (2) the demand must not be too indefinite; and (3) the information sought must be reasonably

2

Exhibit C

relevant to the inquiry. See *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *FDIC v. Garner*, 126 F.3d 1138, 1146 (9th Cir. 1997).

When subpoenas target non-parties, courts apply heightened scrutiny, recognizing that "non-party status is a significant factor" weighing against disclosure. See, e.g., *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998).

## IV. ARGUMENT

### A. The Incorrect Identifying Information Renders the Subpoenas Fatally Indefinite

Beyond their substantive flaws, the subpoenas fail the basic requirement that administrative demands be "not too indefinite." Morton Salt Co., 338 U.S. at 652. The presence of incorrect identifying information—including but not limited to basic factual data about the person whose records are sought—is not a mere technical defect. It demonstrates both a fundamental lack of care in the FDIC's investigation and creates legal uncertainty about whose records are actually sought.

Courts have consistently held that material errors in identification can void administrative subpoenas. See *United States v. Phibbs*, 999 F.2d 1053, 1077 (6th Cir. 1993). When an agency cannot accurately identify the target of its investigation, it cannot meet its burden to show that the subpoena is sufficiently definite and limited in scope. These errors, combined with the sweeping two-year scope and the targeting of a non-party, reveal the subpoenas as the fishing expedition they are. The FDIC's inability to correctly identify the person whose entire financial life it seeks to examine underscores both the unreasonableness of its demands and the lack of any legitimate investigative purpose.

### B. The Subpoenas Seek Irrelevant Information from a Non-Party

3

Exhibit C

The subpoenas fail the relevance requirement as they seek personal financial records of an individual who is not a party to the enforcement proceeding and whose finances are completely separate from the Respondent's.

1. No Connection to the Underlying Proceeding: Movant is not an employee of Truist Bank, not an institution-affiliated party, and not a respondent in this action. His only connection is a single business transaction with a bank customer—a transaction from which Ms. Solomon received no benefit.

2. Complete Financial Separation: For over a decade, Movant and Ms. Solomon have maintained entirely separate finances. They have no joint accounts, file separate tax returns, and do not commingle funds. Under these circumstances, Movant's personal financial records cannot be relevant to allegations concerning Ms. Solomon's conduct as a bank employee.

3. FDIC Already Has Relevant Documentation: The FDIC already possesses records showing that funds from the transaction in question were returned. Additional financial records from Movant would provide no relevant information to the FDIC's case.

Courts consistently recognize that "relevance" in the administrative subpoena context requires more than speculation. See *FTC v. Texaco, Inc.*, 555 F.2d 862, 882 (D.C. Cir. 1977) (en banc) ("The agency must show that the inquiry is not too indefinite and that the information sought is reasonably relevant").

## C. The Subpoenas Are Overbroad and Unduly Burdensome

The subpoenas seek all credit card records and account information for the entire period from January 1, 2020, to December 31, 2021—a two-year span that far exceeds any reasonable scope related to a single transaction. This sweeping demand for all financial records constitutes a fishing expedition into a non-party's private financial affairs.

4

Exhibit C

Courts routinely quash subpoenas that cast too wide a net, particularly when directed at non-parties. See, e.g., *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 211 F.R.D. 658, 662 (D. Kan. 2003) (quashing overbroad subpoena to non-party as unduly burdensome).

## D. The Subpoenas Violate Federal Privacy Protections

1. Right to Financial Privacy Act: The Right to Financial Privacy Act (RFPA), 12 U.S.C. § 3401 et seq., provides protection against unauthorized government access to personal financial records. While the RFPA permits access pursuant to administrative subpoenas, it requires that such subpoenas be issued "in connection with a lawful proceeding, investigation, or official inquiry." 12 U.S.C. § 3405. Here, the attempt to obtain a non-party's unrelated financial records exceeds the bounds of a lawful inquiry into Ms. Solomon's conduct as a bank employee.

2. Constitutional Privacy Concerns: The Fourth Amendment protects against unreasonable searches, including through administrative subpoenas. See *See v. City of Seattle*, 387 U.S. 541, 544 (1967). The sweeping demand for all of Movant's financial records over a two-year period, without any showing of relevance or connection to the underlying proceeding, raises serious constitutional concerns.

## E. Constitutional Challenges to FDIC Administrative Proceedings

The motion must also be considered in light of ongoing constitutional challenges to the FDIC's administrative enforcement structure. In *CBW Bank v. FDIC*, Case No. 24-cv-02946 (D. Kan.), plaintiffs challenge the constitutionality of the FDIC's administrative law judge system under the Appointments Clause and separation of powers principles.

Given these pending challenges to the very structure under which these subpoenas were issued, the ALJ should exercise particular caution before compelling production of a non-party's private financial

5

Exhibit C

records. See *Jarkesy v. SEC*, 144 S. Ct. 2117 (2024) (finding constitutional violations in similar administrative proceedings).

**F. The Subpoenas Fail to Meet Standards for Non-Party Discovery**

When administrative agencies seek information from non-parties, they must demonstrate a heightened need for the information. *See United States v. IBM Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979) ("The burden on the non-party is entitled to special consideration").

Here, the FDIC has made no showing that Movant's personal financial records contain information relevant to Ms. Solomon's conduct, that the information cannot be obtained from other sources, or that the burden on Movant is justified by any legitimate investigative need.

## V. PRAYER FOR RELIEF

WHEREFORE, for all the foregoing reasons, Movant respectfully requests that the Administrative Law Judge:

1. Quash in their entirety the administrative subpoenas issued to Citibank, N.A., Merrill Lynch, E*Trade, and WeBull seeking Movant's personal financial records;

2. In the alternative, should the ALJ decline to quash the subpoenas entirely, modify them to:

    a. Correct all identifying information;

    b. Limit the temporal scope to specific dates relevant to any legitimate investigation;

6

Exhibit C

c.  Limit the substantive scope to specific transactions, if any, that have demonstrated

relevance to the FDIC's investigation;

d.  Exclude all personal financial information unrelated to any legitimate

investigative purpose;

e.  Provide appropriate confidentiality protections for any sensitive financial data;

3.  Grant such other and further relief as this Court deems just and proper.

Dated: August 1, 2025

Respectfully submitted,

Jesse Solomon,
101 Allen Ave,
Winter Haven, FL 33880

*Pro Se Movant*

7